UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NATHAN L. TOPOL

Plaintiff,

v.

CHASE BANK USA, N.A.; et al.

Defendants.

3:08-cv-0343-LRH-RAM

ORDER

Before the court is the sole issue of which party is responsible for initiating arbitration and paying initial arbitration fees with the American Arbitration Association ("AAA"). Plaintiff Nathan L. Topol ("Topol") filed his initial brief on the issue of arbitration on March 29, 2010. Doc. #49.[1] Defendant Chase Bank USA, N.A. ("Chase") filed an opposition on April 12, 2010. Doc. #50.

## I. Facts and Background

Topol is a real estate developer. Beginning in November 2006, a former employee of Topol charged over $400,000.00 in unauthorized purchases to Topol's business Chase Visa card. Subsequently, Topol filed a complaint against Chase alleging that Chase failed to notify him of unusual card activity. Doc. #1.

On October 15, 2008, Chased filed a motion to compel arbitration pursuant to an elective

[1] Refers to the court's docketing number.

binding arbitration provision included in the terms and conditions of Topol's credit card. Doc. #16. On July 27, 2009, the court granted Chase's motion to compel and ordered the parties to file periodic joint status reports regarding the arbitration with the court. Doc. #45.

On March 3, 2010, the parties filed a joint status report with the court indicating that arbitration had not yet begun because the parties were disputing who was responsible for initiating arbitration. Doc. #47. The court ordered short briefing on that issue. Doc. #48. Thereafter, the parties filed the present briefs. Doc. ##49, 50.

## II. Discussion

Topol argues that Chase is responsible for initiating arbitration because it elected to proceed in arbitration. Doc. #49. In opposition, Chases argues that Topol should be required to initiate arbitration because he filed the underlying complaint and his claims against Chase are the subject matter for the arbitration. Doc. #50.

Pursuant to the terms and conditions of the Business Credit Card Agreement, either party may, without the other party's consent, elect binding arbitration of any dispute relating to the agreement. Doc. #49, Exhibit A, p. 3. Here, Chase elected to enforce its arbitration rights by filing the successful motion to compel arbitration. Topol, by contrast, did not elect to pursue arbitration.

Additionally, Chase chose the AAA as the arbitration administrator, a right left solely to the party initiating a claim in arbitration. *See* Doc. #49, Exhibit A, p.3 ("The party filing a Claim in arbitration must choose one of the following two arbitration administrators: American Arbitration Association; or National Arbitration Forum."). Therefore, the court finds that Chase, as the party enforcing its elective arbitration rights, is the party responsible for initiating the arbitration proceeding. Accordingly, Chase is directed to initiate arbitration with the AAA and pay the required non-refundable filing fees. *See* Doc. #50, Exhibit 1, Administrative Fees excerpt from the AAA Commercial Arbitration Rules ("A non-refundable Initial Filing Fee is payable in full by a filing party when a claim, counterclaim, or additional claim is filed.").

IT IS THEREFORE ORDERED that defendant Chase Bank USA, N.A. is directed to initiate the arbitration proceedings with the American Arbitration Association and pay any required initial filing fee for the arbitration.

IT IS SO ORDERED.

DATED this 21st day of May 2010.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE